Michael J. Kapaun, WSBA #36864
Steven J. Dixson, WSBA # 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
Phone: (509) 624-5265
Fax: (509) 458-2728
mjk@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for defendants Nationstar Mortgage LLC d/b/a Mr. Cooper and Deutsche Bank National Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QO5*

**Honorable James L. Robart**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| TERRY CORROTHERS,<br><br>             Plaintiff,<br><br>      vs.<br><br>NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER; DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QQ5; and DOES 1-10, inclusive,<br><br>             Defendants. | No. 2:19-cv-00820-JLR<br><br>**MOTION TO ENFORCE SETTLEMENT**<br><br>Note on Calendar: July 10, 2020 |

Defendants Nationstar Mortgage LLC d/b/a Mr. Cooper (**Nationstar**) and Deutsche Bank National Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QO5, incorrectly sued as Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-

MOTION TO ENFORCE SETTLEMENT - 1
Case No. 2:19-cv-00820-JLR

WK WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Backed Pass-Through Certificates, Series 2006-QO5 (**Deutsche Bank**) moves the Court for an order enforcing their settlement with plaintiff Terry Corrothers.

## I.  INTRODUCTION

Ms. Corrothers approved Nationstar and Deutsche Bank's settlement agreement through her counsel on April 10, 2020. Pursuant to the trial payment plan attached as Exhibit A to the settlement agreement, Ms. Corrothers has remitted payments. However, she has not yet signed the agreement despite the undersigned's repeated requests. The Court should order Ms. Corrothers to sign and comply with her settlement obligations.

## II.  RELEVANT FACTUAL BACKGROUND

On March 25, 2020, after ongoing settlement discussions with Ms. Corrothers' counsel, Julia Simmons,[1] and with the understanding that Ms. Corrothers was amenable to the proposed loan modification terms outlined therein, a draft settlement agreement was provided to Ms. Simmons. (Declaration of Michael J. Kapaun (**Kapaun Decl.**), ¶1.) Under the agreement, among other terms, the parties agree to enter into a trial plan for a loan modification, Nationstar agrees to pay Ms. Corrothers $100, Ms. Corrothers agrees to release Nationstar and Deutsche Bank, and Ms. Corrothers agrees to dismiss the case. (*Id.* at ¶1 and Ex. 1.) Undersigned counsel's email transmitting the settlement agreement noted that he was still waiting to hear back on whether Nationstar intended to include a formal trial plan letter as an exhibit to the agreement and requested Ms. Corrothers review and comment. (*Id.* at ¶1 and Ex. 2.)

---

[1] Plaintiff's attorney of record in this matter is Steve Dashiak. Mr. Dashiak attempted to withdraw from this representation in July 2019 (ECF No. 12), but his notice of withdrawal was denied by the Court. Thereafter, Ms. Simmons began representing Plaintiff in negotiations with the undersigned, but did not enter a formal notice of appearance in this case.

MOTION TO ENFORCE SETTLEMENT - 2
Case No. 2:19-cv-00820-JLR

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

On March 31, 2020, Exhibit A to the settlement agreement (*i.e.*, the trial plan) was provided to Ms. Simmons and undersigned counsel asked "if [Ms. Corrothers] is ok with the settlement documents provided." (*Id.* at ¶2 and Ex. 3.) Ms. Simmons wrote back on April 10, 2020: "Just got word back now, it's acceptable." (*Id.* at ¶3 and Ex. 3.)

The settlement agreement had a blank space in paragraph 3 for Ms. Corrothers to fill in where Nationstar should send its $100 check. (*Id.* at ¶4 and Ex. 1.) Since Ms. Corrothers did not provide this information, Nationstar filled in Ms. Simmons' address as listed on the WSBA website. (*Id.* at ¶4.) Ms. Simmons was informed of this addition on April 23, 2020 and was asked to have Ms. Corrothers sign. (*Id.* at ¶4 and Ex. 5.)

Nationstar and Deutsche Bank signed the settlement agreement on May 7, 2020. (*Id.* at ¶5 and Ex. 6.) Ms. Simmons subsequently was asked to have Ms. Corrothers sign the settlement agreement numerous times, but Ms. Corrothers still has failed to do so.

Despite failing to sign the settlement agreement, Ms. Corrothers has already began remitting payments on the trial plan attached as exhibit A to the settlement agreement. According to Nationstar's business records, she remitted $2,752.55 payments in both April and May. (Declaration of Fay Janati (**Nationstar Decl.**), at ¶6 and Ex. 2.)

### III.   LEGAL STANDARD

Trial courts have the power "to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). In Washington, "[t]he validity and enforceability of a settlement agreement is determined by reference to the substantive law of contracts." *Veith v. Xterra Wetsuits, L.L.C.*, 1983 P.3d 334, 366 (Wash. App. 2008). A contract requires offer, acceptance and consideration. *Id.* A contract exists when the intention of the parties is plain and

MOTION TO ENFORCE SETTLEMENT - 3
Case No. 2:19-cv-00820-JLR



WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

the terms of a contract are agreed upon even if one or both of the parties contemplated later execution of a writing." *Id.*

## IV.   ARGUMENT

There is no dispute over any settlement terms, let alone the material terms. All terms were reduced to writing, as set forth in undersigned counsel's declaration supporting this motion, and conveyed to Ms. Corrothers through her counsel.  (Kapaun Decl. ¶1 and Ex. 1.)  Nor is there any dispute regarding whether Ms. Corrothers accepted the offer.  In response to the undersigned's request that Ms. Corrothers' counsel indicate "if [Ms. Corrothers] is ok with the settlement documents provided," her counsel replied, on April 10, "Just got word back now, it's acceptable." (*Id.* at ¶¶2 3 and Ex. 3.)  And, Ms. Corrothers has already began remitting trial plan payments as the settlement agreement contemplates:  she made $2,752.55 payments in both April and May. (Nationstar Decl. ¶6 and Ex. 2.)

Any argument that Nationstar and Deutsche Bank's offer is not supported by consideration is equally meritless.  Under the agreement, aside from offering the trial plan, Nationstar agreed to pay Ms. Corrothers $100.  (Kapaun Decl. ¶¶1, 5 and Exs. 1, 6.)

That Ms. Corrothers has not yet signed the settlement agreement does not matter.  *Kruger* is instructive.  There, the court found a binding settlement agreement formed by email acceptance of the plaintiff's counter-offer by counsel for defendant stating, "[t]hank you for your patience, I was finally able to get confirmation today from the client that we have a deal."  *Kruger v. Credit Int'l Corp.*, No. C10-1374-RSM, 2012 WL 1534023, at *3 (W.D. Wash. Apr. 30, 2012).  Although the plaintiff in fact signed the settlement agreement later, the court found the agreement was formed when counsel manifested agreement by email.  *Id.*

Other courts have similarly ruled.  In *Evanston Insurance Company,* for instance, the court

MOTION TO ENFORCE SETTLEMENT - 4
Case No. 2:19-cv-00820-JLR



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

ruled "the settlement agreement between the parties was binding on April 20th, when counsel for [plaintiff] responded: 'Your email accurately reflects the parties' agreement." *Evanston Ins. Co. v. Clark County*, No. 10-cv-5625-RBL, 2012 WL 2068775, at *3 (W.D. Wash. June 8, 2012). And in *Daroudi*, the court enforced a settlement agreement formed by email for counsel for defendant replying, "we have a deal." *Daroudi v. Bank of Am., N.A.*, No. C13-1561-RSL, 2014 WL 1670146, at *2 (W. D. Wash. Apr. 28, 2014).

## V.    CONCLUSION

The parties reached an agreement. The court should require Ms. Corrothers to sign the settlement agreement and comply with her settlement obligations.

Respectfully submitted, this 24th day of June, 2020.

                              WITHERSPOON · KELLEY

                              By: *s/ Michael J. Kapaun*
                                    Michael J. Kapaun, WSBA #36864
                                    Steven J. Dixson, WSBA No. 38101
                                    *Attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper and Deutsche Bank National Trust Company Americas, as Trustee for Mortgage Asset Backed Pass-Through Certificates, Series 2006-QO5*



# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of June 2020,

1. I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Steve Dashiak**
**Consumer Defense Law Group**
**2973 Harbor Blvd., Ste. 594**
**Costa Mesa, CA 92626**
**steve@washingtonslawfirm.com**

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing to the following non-CM/ECF participants at the address listed below:

**Julia Simmons**
**506 2nd Ave, Ste. 1400**
**Seattle, WA 98104-2329**
**juliaesq@aspenlawgroup.com**

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below: **None**.

*s/ Michael J. Kapaun*
Michael J. Kapaun, WSBA No. # 36864

MOTION TO ENFORCE SETTLEMENT - 6
Case No. 2:19-cv-00820-JLR



WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728